IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS, | CASE NO. CV F 06-1740 AWI LJO |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| OFFICER J. DIAZ, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Phillip Sanders ("plaintiff") proceeds pro se and in forma pauperis in this apparent action under 42 U.S.C. § 1983 ("section 1983"). On December 1, 2006, plaintiff filed his complaint ("complaint") against Officers J. Diaz and S. Jaqez (collectively "defendants") of "the Fresno County Sheriff Magic [sic] Team" apparently to take issue with his May 23, 2005 arrest and search and to claim that his Fourth Amendment rights were violated and that he was arrested "without reasonable cause." The complaint appears to address plaintiff's vehicle stop and search resulting in plaintiff's being taken into custody.

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

1

*Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements

made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The complaint reflects pleading deficiencies to prevent plaintiff from offering evidence to support claims raised in the complaint.

### Pleading Deficiencies

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading

policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which a defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint here does not adequately identify grounds for relief against defendants to satisfy F.R.Civ.P. 8(a)(2). The complaint merely alleges a wrong has been committed and demands relief without specifying defendants' particular wrongs. The complaint fails to provide defendants fair notice and to state elements of a claim plainly and succinctly. Pleading deficiencies prevent this Court from proceeding on plaintiff's complaint. Nonetheless, this Court grants plaintiff an opportunity to attempt to cure the complaint's deficiencies.

### Section 1983 Deficiencies

Plaintiff presumably seeks to proceed under section 1983 which provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) by plaintiff against defendants. The complaint fails to allege that defendants acted under color of state law. The complaint fails to articulate how defendants deprived allegedly deprived plaintiffs of constitutional rights.

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*,

588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendant deprived plaintiff of constitutional rights and resulting harm.

### Malice

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendant. In the past several months, plaintiff has filed several other actions which likewise appear to attempt to vex law enforcement personnel with whom he has had contact.[1] Such attempt to vex provides further grounds to dismiss plaintiffs' complaint.

### Attempt At Amendment

Plaintiff is admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES plaintiff's complaint, filed December 1, 2006, with leave to amend; and
2. ORDERS plaintiff, no later than December 21, 2006, to file an amended complaint in compliance with this order.

**This Court admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in recommendation to dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

**Dated: December 5, 2006**          /s/ Lawrence J. O'Neill
66h44d                        UNITED STATES MAGISTRATE JUDGE

---

[1] Such actions are entitled *Phillip Sanders v. Fresno County Probation Department*, Case No. CV F 06-1111 AWI SMS, *Phillip Sanders v. Fresno City Police Department*, Case No. CV F 06-1264 OWW LJO, and *Phillip Sanders v. Aranas, et al.*, Case No. CV F 06-1574 AWI SMS.