1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   PHILLIP SANDERS,                    CASE NO. CV F 06-1740 AWI LJO

12                  Plaintiff,           **FINDINGS AND RECOMMENDATIONS TO**
                                         **DISMISS ACTION**
13        vs.

14   OFFICER J. DIAZ, et al.,

15                  Defendants.
     _____/
16

17   _____**BACKGROUND**

18        Plaintiff Phillip Sanders ("plaintiff") proceeds pro se and in forma pauperis in this apparent

19   action under 42 U.S.C. § 1983 ("section 1983").  On December 1, 2006, plaintiff filed his complaint

20   ("complaint") against Officers J. Diaz and S. Jaqez (collectively "defendants") of "the Fresno County

21   Sheriff Magic [sic] Team" apparently to take issue with his May 23, 2005 arrest and search and to claim

22   that his Fourth Amendment rights were violated and that he was arrested "without reasonable cause."

23   The complaint appeared to address plaintiff's vehicle stop and search resulting in plaintiff's being taken

24   into custody.

25        This Court's December 6, 2006 order dismissed plaintiff's complaint with leave to amend on

26   grounds that the complaint failed to allege a sufficient section 1983 or other claim against defendants.

27   On December 20, 2006, plaintiff filed against defendants his amended complaint ("amended complaint")

28   which is similar and identical in parts to his complaint.  The amended complaint appears to take issue

1   with plaintiff's May 23, 2005 arrest and vehicle search which plaintiff alleges was "without reasonable

2   cause."

3   **DISCUSSION**

4   **Standards For Screening**

5   "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

6   may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

7   *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

8   sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

9   319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

10   745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

11   prior to service of process on defendants).

12   Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may

13   have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious,

14   fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

15   defendant.  *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide:

16   Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69.  A court

17   need not accept as true factual allegations in in forma pauperis complaints and may reject "completely

18   baseless" allegations, including those which are "fanciful," "fantastic" or "delusional."  *Denton v.*

19   *Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

20   A claim is legally frivolous when it lacks an arguable basis either in law or fact.  *Neitzke v.*

21   *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).  A

22   frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  *Neitzke*, 490

23   U.S. at 324.  A federal court may dismiss a claim as frivolous where it is based on an indisputably

24   meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

25   The test for maliciousness is a subjective one and requires the court to "determine the . . . good

26   faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

27   *Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986).  A lack of good faith is found most commonly in

28   repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity

of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The amended complaint reflects pleading deficiencies to prevent plaintiff from offering evidence to support claims raised in the complaint.

## **Pleading Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

(a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

. . .

(e)     Pleading to be Concise and Direct; Consistency.

(1)     Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The

1   underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

2   upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

3   *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need

4   not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these

5   elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*

6   *v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading

7   policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements

8   of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.

9   1984). A plaintiff must allege with at least some degree of particularity overt facts which a defendant

10  engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

11          F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The amended complaint here

12  does not adequately identify grounds for relief against defendants to satisfy F.R.Civ.P. 8(a)(2). The

13  amended complaint merely alleges a wrong has been committed and demands relief without specifying

14  defendants' particular wrongs or overt facts of defendants' wrongs. The amended complaint fails to

15  provide defendants fair notice of their alleged wrongs and to state elements of a claim plainly and

16  succinctly. Pleading deficiencies prevent this Court from proceeding on plaintiff's amended complaint.

17                                              **Section 1983 Deficiencies**

18          Plaintiff presumably seeks to proceed under section 1983 which provides:

19          Every person who, under the color of [state law] . . . subjects, or causes to be subjected,
            any citizen of the United States . . . to the deprivation of any rights, privileges, or
20          immunities secured by the Constitution . . . shall be liable to the party injured in an action
            at law, suit in equity, or other proper proceedings for redress.

21

22          To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state

23  law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights,

24  privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United*

25  *States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The amended complaint fails to state colorable claims (or

26  any claims for that matter) by plaintiff against defendants. The amended complaint fails to allege that

27  defendants acted under color of state law. The amended complaint fails to articulate how defendants

28  allegedly deprived plaintiffs of constitutional rights.

1   Moreover, section 1983 requires that there be an actual connection or link between the actions

2   of defendant and deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S.

3   658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "[a]

4   person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983,

5   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which

6   he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*,

7   588 F.2d 740, 743 (9th Cir. 1978).  Despite plaintiff's opportunity to comply with section 1983 pleading

8   requirements, the amended complaint fails to satisfy the linking requirement as to defendants and to

9   articulate how defendants deprived plaintiff of constitutional rights and resulting harm.

10   **Malice**

11   This Court is concerned that plaintiff has brought this action in absence of good faith and

12   attempts to take advantage of cost-free filing to vex defendants.  In the past several months, plaintiff has

13   filed several other actions which likewise appear to attempt to vex law enforcement personnel with

14   whom he has had contact.[1]  Such attempt to vex provides further grounds to dismiss this action.

15   **RECOMMENDATION AND ORDER**

16   For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without

17   prejudice on grounds that: (1) the amended complaint fails to state a claim upon which relief may be

18   granted; and (2) a further attempt at amendment is unwarranted based on the complaint's deficiencies

19   and apparent attempt to vex defendants.

20   These findings and recommendations are submitted to the United States district judge assigned

21   to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than

22   January 10, 2007, plaintiff may file written objections to these findings and recommendations with the

23   Court and in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  The district court will then review

25   the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)).  Plaintiff is admonished that failure

27   [1]   Such actions are entitled *Phillip Sanders v. Fresno County Probation Department*, Case No. CV F 06-1111

28   AWI SMS, *Phillip Sanders v. Fresno City Police Department*, Case No. CV F 06-1264 OWW LJO, and *Phillip Sanders v. Aranas, et al.*, Case No. CV F 06-1574 AWI SMS.

5

1   to file objections within the specified time may waive the right to appeal the district court's order.

2   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3          **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse**

4   **is to object to these findings and recommendations. Plaintiff is further admonished that this Court**

5   **will strike any papers to attempt to file an amended complaint unless this Court specifically grants**

6   **plaintiff permission to file an amended complaint.**

7          IT IS SO ORDERED.

8   **Dated:     December 22, 2006**                    **/s/ Lawrence J. O'Neill**
    66h44d                                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6